IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH M. RICKARD, a Student, by his Parents and next friends, JAMES A. RICKARD and KARRIE A. RICKARD, in their own right, Plaintiffs, v. MARS AREA SCHOOL DISTRICT, Defendant. | 2:03-cv-972 |

## MEMORANDUM ORDER

Pending before the Court for disposition is Plaintiffs' MOTION FOR ATTORNEY'S FEES AND COSTS AS PREVAILING PARTY (Document No. 66). Plaintiffs are seeking an attorney's fee award and costs for hours reasonably expended from October 18, 2002 through March 26, 2007 regarding Civil Action No. 03-972. Defendant has filed its response memorandum of law in opposition (Document No. 71).

This IDEA case involves the provision of special education services to an elementary-age student. There is no dispute that under the IDEA, a prevailing party may recover attorney's fees and costs. The relevant statutory language is set forth at 20 U.S.C. § 1415(i)(3):

> **(B) Award of attorneys' fees**
>
> **(i) In general**
>
> **In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--**
>
> **(I) to a prevailing party who is the parent of a child with a disability;**
>
> **\* \* \***
>
> **(C) Determination of amount of attorneys' fees**
>
> **Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus**

**or multiplier may be used in calculating the fees awarded under this subsection.**

**(D) Prohibition of attorneys' fees and related costs for certain services**

**(i) In general**

**Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if--**

**(I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;**

**(II) the offer is not accepted within 10 days; and**

**(III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.**

**(ii) IEP Team meetings**

**Attorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation described in subsection (e) of this section.**

**(iii) Opportunity to resolve complaints**

**A meeting conducted pursuant to subsection (f)(1)(B)(i) of this section shall not be considered--**

**(I) a meeting convened as a result of an administrative hearing or judicial action; or**

**(II) an administrative hearing or judicial action for purposes of this paragraph.**

**(E) Exception to prohibition on attorneys' fees and related costs**

**Notwithstanding subparagraph (D), an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer.**

> **(F) Reduction in amount of attorneys' fees**
>
> **Except as provided in subparagraph (G), whenever the court finds that--**
>
> **(i) the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy;**
>
> **(ii) the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;**
>
> **(iii) the time spent and legal services furnished were excessive considering the nature of the action or proceeding; or**
>
> **(iv) the attorney representing the parent did not provide to the local educational agency the appropriate information in the notice of the complaint described in subsection (b)(7)(A) of this section,**
>
> **the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section.**
>
> **(G) Exception to reduction in amount of attorneys' fees**
>
> **The provisions of subparagraph (F) shall not apply in any action or proceeding if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section.**

Plaintiffs' brief accurately recites the applicable principles to be considered in a petition for counsel fees and costs by a prevailing party. Determining an attorney's fee award is within the sound discretion of the district court. *P.N. v. Clementon Board of Education*, 442 F.3d 848, 852 (3d Cir. 2006). In order to be a "prevailing party" and thus entitled to counsel fees, one must be successful in having been awarded some relief that materially alters the legal relationship of the parties. *Id.* at 855. A two-prong test is often applied: (1) whether the party succeeded on a significant issue during the litigation; and (2) whether the party achieved a benefit sought. *Id.* The resolution of the matter must modify the defendant's behavior in a way that directly benefits plaintiff. *Id.* There is a distinction between *eligibility* for an award of attorney's fees and the *amount* of fees that should be awarded. *Id.*

There are two significant issues with respect to Plaintiffs' claim for attorney fees and costs. First, Defendant vigorously disputes whether Plaintiffs qualify as a "prevailing party." Second, Plaintiffs must adequately document the reasonableness of the claimed fees and costs.

    1.    Prevailing Party

The Plaintiffs cannot be considered a "prevailing party" in this Court. In Civil Action 03-972, Plaintiffs appealed the decision of the Appeals Panel to this Court. The relief upon which the parties agreed during the March 6, 2007 pretrial conference which ultimately resolved the case was exactly the same relief which Plaintiffs had been awarded by the Appeals Panel, specifically 306.5 hours of compensatory education.[1] Indeed, the only relief sought by Plaintiffs in their motion for summary judgment and pretrial statement was an award of 306.5 hours of compensatory education. As counsel explained during the March 6, 2007 conference, the Plaintiffs alleged "about five other issues" in this federal litigation, but were no longer pursuing any of the other claims. Thus, the Plaintiffs' appeal to this Court, and the ensuing four years of litigation, achieved absolutely nothing more than had been awarded by the Appeals Panel. Plaintiffs occupy precisely the same legal position which they were in immediately following the decision of the Appeals Panel in 2003. Thus, categorically, Plaintiffs are not entitled to recover any counsel fees related to this federal litigation.[2]

---

1. The only substantive development during this federal litigation has been the conversion of 306.5 hours of compensatory education into a lump sum dollar amount because the child is no longer a student in the school district. During the March 6, 2007 conference, Plaintiffs proposed $50/hour, Defendant countered with $35/hour and the parties agreed promptly to split the difference at $42.50/hour. No substantive legal work was involved and the entire "negotiation" of this point took less than five minutes. The Court finds that this issue does not qualify Plaintiffs for "prevailing party" status.

2. Plaintiffs filed another related case in this court, Civil Action 03-1802, which was consolidated with this case, Civil Action 03-972. Plaintiffs obtained no relief in Civil Action 03-1802, and have not requested counsel fees related to that case. For clarity, the Court confirms that Plaintiffs are not prevailing parties and therefore are not entitled to recover counsel fees or costs associated with Civil Action 03-1802.

Perhaps in cognizance of their lack of having prevailed in this federal litigation, Plaintiffs base their entitlement to counsel fees on the outcome of the administrative proceedings regarding compensatory education due to denial of a free appropriate public education (FAPE). *See* Plaintiff's Memorandum of Law at 7. Plaintiffs raised five issues in their request for a due process hearing on February 19, 2003: (1) that Joseph was denied a FAPE; (2) his eligibility for special education; (3) his entitlement to compensatory education; (4) the parents' authority to determine the compensatory education and (5) Joseph's eligibility for extended school year services. The Hearing Officer found that the School District had denied Joseph a FAPE and awarded 283.5 hours of compensatory education. Plaintiffs appealed and the Appeals Board awarded Joseph an additional 23 hours of compensatory education, for a total of 306.5 hours.

In *Van Duyn v. Baker School District 5J*, 481 F.3d 770 (9th Cir. 2007) (involving the transition of a severly autistic child from elementary to middle school), the Court of Appeals for the Ninth Circuit recently addressed an analogous situation. The Van Duyns alleged that the school's failure to fully implement their child's IEP deprived him of a FAPE. An administrative law judge held that the school had failed to provide sufficient math instruction but had otherwise adequately implemented the IEP. The district court affirmed the ALJ decision and declined to award any counsel fees. The Ninth Circuit reversed in part and explained:

> Under this standard, Van Duyn was not the prevailing party at the district court level because that court affirmed the ALJ's decision in its entirety and refused to grant him any additional relief. Van Duyn also was not the prevailing party in his challenge to his 2002-03 IEP before the Oregon Department of Education because the Department did not revisit the contested IEP but rather ordered the parties to work together to formulate a new IEP for the 2003-04 school year. Nor, of course, is he the prevailing party here.
>
> We hold, however, that Van Duyn was the prevailing party at the administrative hearing to the extent the ALJ ruled in his favor regarding the amount of math instruction he was due. The amount of math instruction was a "significant issue" in the proceeding, and the remedy the ALJ ordered-an additional five hours of math instruction per week-clearly produced "some of the benefit" that Van Duyn sought. *See Parents of Student W.*, 31 F.3d at 1498. The District is correct that the math instruction issue was only one issue out of 11 raised at the administrative hearing, but there is no reason

>       to view it as less important than Van Duyn's other claims; indeed,
>       it appears weightier than several of them. The relevant point is that
>       he prevailed on the issue's merits and obtained a remedy-the extra
>       weekly math instruction-that materially altered his legal
>       relationship with the District.

Thus, the Ninth Circuit permitted the family to recover as a prevailing party, but only for those counsel fees specifically related to the one issue on which they prevailed at the administrative hearing. This Court will follow the approach of the *Van Duyn* court.

The Court concludes that the issues of whether the School District had denied Joseph a FAPE, and whether Joseph was entitled to compensatory education as a result of that denial, were significant issues. The Court further concludes that Plaintiffs were successful on those issues and that the result of the administrative proceedings materially altered the legal relationship of the parties. Accordingly, Plaintiffs are eligible to recover attorney's fees specifically related to that success throughout the administrative proceedings.

      2.     Documentation

As set forth above, the Court has determined that Plaintiffs qualify as a "prevailing party" due to the recovery of an award for compensatory education during the state administrative proceedings. However, the Court is unable to calculate an award of fees and costs based on the current state of the record. The documentation submitted by Plaintiffs' attorney falls far short of providing sufficient detail to permit the Court to determine whether each claimed legal activity was related to the specific issues on which Plaintiffs prevailed. In particular, the School District contends that fees claimed for legal services in 2002 relate to a separate and distinct due process hearing that was ultimately settled. The School District also contends that Plaintiffs raised numerous claims during the administrative proceedings on which they did not succeed.

Plaintiffs' counsel has submitted a document entitled Contemporaneous Records of Hours Plaintiffs' Counsel Reasonably Expended for Professional Services in support of the

petition for fees and costs.  The activity descriptions set forth therein are extremely generic and vague, i.e., phone conference with [ ], letter, legal research, etc.  The Court is unable to determine, from the materials submitted by Plaintiffs, whether or not such activities relate to the issues on which Plaintiffs prevailed.

There is some authority for the proposition that since Plaintiffs have failed to meet their burden, that their claim for counsel fees should simply be denied.  *See Gulfstream III Assoc. v. Gulfstream Aerospace Corp.*, 789 F. Supp. 1288 (D.N.J. 1992) ("each entry will be deducted from the award in its entirety, because plaintiff has not even attempted, after being put on notice of the issue by Cessna's opposition to the application, to meet its burden to identify which portion of the mixed entry represents compensable work").  However, the Court has significantly narrowed and clarified the issues in this memorandum opinion and is loath to impose such a harsh result.  Accordingly, Plaintiffs' counsel is directed to submit a revised fee petition, on or before May 18, 2007, which must provide sufficient detail to enable the Court to evaluate the relationship between counsel's legal actions and the issue(s) on which Plaintiffs prevailed at the administrative level.[3]  Defendant shall file a response, if any, on or before May 31, 2007. Counsel are urged to address the statutory factors for reduction of attorney's fees set forth in Section 1415(i)(3)(F), which will govern this Court's determination of fees.

In accordance with the foregoing, Plaintiffs' MOTION FOR ATTORNEY'S FEES AND COSTS AS PREVAILING PARTY (Document No. 66) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs are found to be a prevailing party only as to the finding at the administrative level that they were entitled to 306.5 hours of compensatory education because the School District denied Joseph a FAPE.  Plaintiffs are not a prevailing party in this federal

---

3.  As one component of the calculation, the Court is interested in the justification for counsel's claim to an hourly rate of $300/hour, when the correspondence dated March 12, 2003 and May 28, 2004 asserted an hourly rate of $250/hour.

litigation.  The Court will reserve ruling on an award of counsel fees and costs pending an opportunity for Plaintiffs to supplement the record.

SO ORDERED, this 4th day of May, 2007.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc: Eugene A. Lincoln, Esquire
Email: elincoln@concentric.net

James F. Israel, Esquire
Email: jisrael@mbrolaw.com
Thomas W. King, III, Esquire
Email: tking@dmkcg-law.com
Thomas E. Breth, Esquire
Email: tbreth@dmkcg-law.com