IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH M. RICKARD, a Student, by his Parents and next friends, JAMES A. RICKARD and KARRIE A. RICKARD, in their own right,<br>                    Plaintiffs,<br><br>         v.<br><br>MARS AREA SCHOOL DISTRICT,<br>                    Defendant. | 2:03-cv-972 |

### MEMORANDUM ORDER

Pending before the Court for disposition is Plaintiffs' MOTION FOR RECONSIDERATION (Document No. 75) of the Court's Memorandum Order dated May 4, 2007 ("Memorandum Order"), which addressed Plaintiffs' claim for counsel fees. Defendant has filed a RESPONSE TO MOTION FOR RECONSIDERATION (Document No. 76). Also pending is the question of Plaintiffs' right to counsel fees and costs incurred in the administrative process, which the Court held in abeyance pending an opportunity for Plaintiffs to supplement the record. The matters are now ripe for resolution.

Factual and Procedural Background

This IDEA case involves the provision of special education services to an elementary-age student. There were two other related cases involving the same parties. At a pretrial conference on March 6, 2007, the parties, through counsel, agreed to a compromise settlement of the underlying merits of this case. The School District agreed to provide Plaintiffs with the exact same relief awarded by the Appeals Board, specifically 306.5 hours of compensatory education, which the parties agreed to value at $42.50 per hour. Thereafter, Plaintiffs filed a motion seeking an award of counsel fees and costs.

The Court's Memorandum Order analyzed Plaintiffs' motion, Defendant's response, and the applicable law. The Court concluded that Plaintiffs could not be considered a

"prevailing party" in this federal litigation, stating: "Plaintiffs occupy precisely the same legal position which they were in immediately following the decision of the Appeals Panel in 2003. Thus, categorically, Plaintiffs are not entitled to recover any counsel fees related to this federal litigation."  The Court further concluded that Plaintiffs *had* prevailed during the administrative process on "the issues of whether the School District had denied Joseph a FAPE, and whether Joseph was entitled to compensatory education as a result of that denial,"  and thus were "eligible to recover attorney's fees specifically related to that success throughout the administrative proceedings."  However, the Court concluded that it was "unable to calculate an award of fees and costs based on the current state of the record" because "[t]he documentation submitted by Plaintiffs' attorney falls far short of providing sufficient detail to permit the Court to determine whether each claimed legal activity was related to the specific issues on which Plaintiffs prevailed."  The Memorandum Order explained:

> Plaintiffs' counsel has submitted a document entitled Contemporaneous Records of Hours Plaintiffs' Counsel Reasonably Expended for Professional Services in support of the petition for fees and costs.  The activity descriptions set forth therein are extremely generic and vague, i.e., phone conference with [ ], letter,  legal research, etc.  The Court is unable to determine, from the materials submitted by Plaintiffs, whether or not such activities relate to the issues on which Plaintiffs prevailed.

The Memorandum Order then noted:  "There is some authority for the proposition that since Plaintiffs have failed to meet their burden, that their claim for counsel fees should simply be denied.  *See Gulfstream III Assoc. v. Gulfstream Aerospace Corp.*, 789 F. Supp. 1288 (D.N.J. 1992) ("each entry will be deducted from the award in its entirety, because plaintiff has not even attempted, after being put on notice of the issue by Cessna's opposition to the application, to meet its burden to identify which portion of the mixed entry represents compensable work")."  Rather than simply denying Plaintiffs' motion for counsel fees and costs, however, the Court afforded Plaintiffs with another opportunity to provide clarity and specificity in support of their claim.  Accordingly, Plaintiffs' counsel was "directed to submit a revised fee

petition, on or before May 18, 2007, which must provide sufficient detail to enable the Court to evaluate the relationship between counsel's legal actions and the issue(s) on which Plaintiffs prevailed at the administrative level."  Plaintiffs did not submit a revised fee petition, although on May 17, 2007 they filed the instant motion for reconsideration.

Discussion of the Motion for Reconsideration

        The standard for evaluation of a motion for reconsideration is well-known.  A party must point to an intervening change in controlling law, new evidence that was not previously available, or the need to correct clear errors of law or fact to prevent manifest injustice.  *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Plaintiffs' Motion for Reconsideration makes numerous arguments, which will be addressed seriatim.  Plaintiffs do not point to any intervening change in law, new evidence or clear errors of law or fact that result in manifest injustice.

        As their first argument, Plaintiffs persist in their contention that Magistrate Judge Sensenich lacked jurisdiction to preside over any part of the case because the Plaintiffs did not consent to ultimate disposition through trial before her, pursuant to Fed. R. Civ. P. 73.  Of course, as this Court has repeatedly explained, the Magistrate Judge had distinct authority to hear and determine pretrial matters pursuant to 28 U.S.C. § 636(b).  *See also* Fed. R. Civ. P. 72(b) (discussing conduct of magistrate judges "assigned ***without consent of the parties*** to hear a pretrial matter dispositive of a claim or defense") (Emphasis added).

        Second, Plaintiffs contend:  "This Court has not address [sic] the issue regarding the appropriate statute of limitations, under the IDEA, and other issues Plaintiffs raised on appeal, at CA No. 03-0972."  In particular, Plaintiffs contend that Joseph was entitled to an award of compensatory education dating back to first grade.  Plaintiffs fail to recognize that the Court did not address the other issues raised in the appeal because Plaintiffs abandoned all other claims as counsel achieved and announced to the Court an overall settlement of the case,

3

reserving only the issue(s) of entitlement to and amount of counsel fees and costs.[1]  Plaintiffs cannot now seek to reopen those resolved issues at this juncture of the case.

Third, Plaintiffs contend that "Plaintiffs pursued only one claim, i.e., denial of Joseph a FAPE." [sic]  Plaintiffs further explain:  "Plaintiffs' contemporary time record [sic] do not show any hours clearly distinct from claims on which Plaintiffs succeeded, for there are no other such claims."  Thus, Plaintiffs apparently contend that, at a minimum, they are entitled to recover all counsel fees relating to the administrative process.  The Court cannot agree.  As explained in the Memorandum Order, the documentation submitted by Plaintiffs falls "far short" of meeting their burden to justify fees.  There were numerous issues on which Plaintiffs did not prevail at the administrative level and on which they appealed to this Court, including those discussed above.  Accordingly, the Court cannot award Plaintiffs all counsel fees incurred during the administrative process.

Fourth, Plaintiffs buttress their claim to an hourly rate of $300 per hour.  The Court appreciates the explanation.  However, given the Plaintiffs' failure to meet their burden to demonstrate which legal services are properly compensable for the administrative issues on which they prevailed, the Court does not reach the question of a reasonable hourly rate and thus will not evaluate attorney Lincoln's skill, experience and reputation in comparison to the relevant legal community.

Fifth, Plaintiffs quote that portion of the Memorandum Order which identified the deficiencies in counsel's activity descriptions and then state, without citation to authority:  "It is counsel's considered opinion that the billing records are sufficient to establish reasonableness, although certain enumerations may not be as detailed as desirable."  The Court appreciates counsel's forthright admission that he submitted "the contemporaneous record, i.e., as maintained

---

1.   Plaintiffs' Pretrial Statement stated that the "relief sought" was an affirmance of the decision of the Appeals Panel.  Plaintiffs did not pursue the statute of limitations issue or the other issues raised in the appeal.

Case 2:03-cv-00972-TFM   Document 77   Filed 06/05/07   Page 5 of 7

in counsel's office for all clients," rather than doctoring the record.  Nevertheless, with due respect for attorney Lincoln's considered opinion, the Court must reiterate its opinion that the descriptions in the submitted record are simply inadequate to support a considered opinion as to a fair and adequate counsel fee award.  Accordingly, the Court maintains its conclusion that Plaintiffs have not met their burden.[2]

Sixth, Plaintiffs contend that the insurmountable barrier to settlement of the case was not the number of hours of compensatory education, but the hourly rate.  Plaintiffs attach Exhibit B, which purportedly reflects the parties' efforts to settle the case.  Plaintiffs also emphasize the negotiations regarding counsel fees.  In essence, counsel seems to argue that he persisted in advancing this federal litigation and investing additional time, effort and resources because the settlement proposals of Defendant failed to fairly compensate him for the time he had allegedly invested in the case.  Regardless of the motives of Plaintiffs' counsel, the fact remains that the four years of federal court litigation were fruitless and have culminated with Plaintiffs occupying precisely the same legal position they were in when the case started.  The Court is not dissuaded from its earlier conclusions.

Seventh, Plaintiffs contend that a significant amount of counsel's legal services were necessitated by discovery engendered by Defendant.  Plaintiffs also contend that counsel was forced to expend time to preclude Defendant from submitting additional evidence.  This argument lacks merit as Plaintiffs cannot meet the prerequisite of prevailing party status.  Moreover, Plaintiffs' counsel's own contradictory statements to the Court regarding whether a trial was necessary contributed significantly to the multiplication of the proceedings.

---

2.   Plaintiffs also state:  "Nevertheless, counsel is available, at the convenience of this Court, should a determination be made that greater specificity is desirable."  The Court will not accept Plaintiffs' invitation for yet more proceedings.  To the contrary, the Court made crystal clear in the Memorandum Order that the existing record was **NOT** sufficiently specific and that Plaintiffs' claim for fees would be denied if further detail was not provided.  Plaintiffs have declined the opportunity to supplement the record.

Finally, Plaintiffs contend that they appealed to enforce the decision of the Appeals Panel and to obtain attorneys fees and that no other remedy was available. To the contrary, Plaintiffs' appeal to this Court challenged the decision of the Appeals Panel in numerous respects, rather than merely seeking its enforcement. Moreover, the appeal to this Court was not limited to a request for the counsel fees incurred during the administrative process. Indeed, Plaintiffs' counsel resisted numerous efforts to settle the compensatory education claim and bifurcate the issue of counsel fees. In sum, none of Plaintiffs' arguments in support of reconsideration have merit.

Plaintiffs' Petition for Counsel Fees and Costs at the Administrative Level

As noted above, the Memorandum Order withheld a ruling on Plaintiffs' entitlement to counsel fees and costs incurred at the administrative level, pending an opportunity for Plaintiffs to supplement the record with specificity as to compensable time and legal services rendered. Plaintiffs had clear notice that the existing record was neither adequate nor sufficient for an appropriate counsel fee determination. As the Court explained in its Memorandum Order, the existing record "falls far short of providing sufficient detail to permit the Court to determine whether each claimed legal activity was related to the specific issues on which Plaintiffs prevailed." Nevertheless, Plaintiffs elected to not supplement the record, but rather to rely on their earlier submission . Therefore, the Court finds that Plaintiffs have not met their burden to demonstrate an entitlement to counsel fees or costs at the administrative level and their motion for such fees and costs will be denied.

In accordance with the foregoing, Plaintiffs' MOTION FOR RECONSIDERATION (Document No. 75) is **DENIED**.  Moreover, Plaintiffs' motion for counsel fees and costs incurred at the administrative level is **DENIED**.

SO ORDERED,  this 5th day of June, 2007.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc: Eugene A. Lincoln, Esquire
Email: elincoln@concentric.net

James F. Israel, Esquire
Email: jisrael@mbrolaw.com
Thomas W. King, III, Esquire
Email: tking@dmkcg-law.com
Thomas E. Breth, Esquire
Email: tbreth@dmkcg-law.com